| | | | |
|---|---|---|---|
| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
| Title | Thien Tran v. Anthony Nguyen | | |

| | |
|---|---|
| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
| Cheryl Wynn | Not Reported |
| Relief Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff/Cross-Defendant and Cross-Defendant's motion for pre-filing injunction

Before the Court is a motion for pre-filing injunction filed by Plaintiff/Cross-Defendant Thien Tran and Cross-Defendant Andrew D. Weiss. *See* Dkt. # 23 ("*Mot.*"). Defendant/Cross-Complainant Anthony Nguyen and Cross-Complainants Toan Thai and Minh Nguyet Nguyen oppose the motion, *see* Dkt. # 47 ("*Opp.*"), and Tran and Weiss replied, *see* Dkt. # 61 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Tran and Weiss's motion.

I.  Background

   A.  Factual History

Nguyen, Thai, and Minh Nguyen are, in Tran and Weiss's words, "vexatious litigants who, individually or in combination, have filed 33 actions, appeals and removals related to Nguyen's dispute with" Tran. *Mot.* 5:3–5.

The dispute underlying this litigation arose from "Nguyen's failed romantic relationship with a woman named Thu Hien Nguyen," Tran's former wife. *Id.* 5:15–18. On May 8, 2014, after their brief relationship ended, Nguyen attempted to visit Thu Hien Nguyen at Tran's home, where his former wife was residing; she refused to see him, and Tran asked Nguyen to leave the property. *Id.* 5:18–20.

Subsequently, on May 13, 2014, Nguyen filed a Request for Civil Harassment Restraining Orders in the Orange County Superior Court ("OCSC"). *See Declaration of Andrew D. Weiss*, Dkt. # 23 ("*Weiss Decl.*"), ¶ 3, Ex. 1. Tran responded by filing his own Request for Civil Harassment Restraining Orders. *Id.* ¶ 4, Ex. 2. The actions were consolidated for trial and tried

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

before Judge Franz Miller on June 6 and 10, 2014.  *Id.* ¶ 5, Ex. 3.  At the conclusion of the trial, a three-year restraining order was entered against Nguyen, and Nguyen's request for an order against Tran was denied.  *Id.* ¶¶ 5–6, Exs. 3, 4.  Tran's restraining order against Nguyen was renewed on June 7, 2017, for an additional five years.  *Id.* ¶ 7, Ex. 5.  In addition to granting a restraining order, the court also awarded Tran attorneys' fees and costs against Nguyen pursuant to the California Code of Civil Procedure.  *Id.* ¶ 5, Ex. 3.  Although the monetary award initially totaled $7,828.85, *id.*, Ex. 6, Weiss claims that, as a result of Nguyen's continued litigation, the sum now totals more than $200,000.00.  *Id.* ¶ 8.

What followed this initial state court action has been, according to Tran and Weiss, "a campaign of harassing Tran through the legal system," with suits filed by Nguyen and his godparents, Thai and Minh Nguyen,[1] against, at various times, Tran; Tran's ex-wife, Thu Hien Nguyen; Thu Hien Nguyen's friend, Sunny Duong; a witness at the harassment trial named Vanessa Moreno; Tran's previous attorney, Miranda McCroskey; Tran's current attorney, Weiss; the Orange County Superior Court; five state court judges; and one judge of the U.S. District Court for the Central District of California.  *Mot.* 6:8–14; *Weiss Decl.* ¶ 9, Ex. 7.  These actions are summarized by Tran and Weiss as follows: four state court actions or cross-complaints in the Orange County Superior Court; three state court actions in the Los Angeles County Superior Court; ten state court appeals; fifteen federal actions in the Central District of California; one federal action in the U.S. District Court for the District of Nevada; and one appeal to the U.S. Court of Appeals for the Ninth Circuit.  *Mot.* 7:6–13.

On June 14, 2017, the state court declared Nguyen a vexatious litigant.  *Weiss Decl.* ¶ 10, Ex. 8.  His fee waiver was subsequently revoked in one action on September 27, 2017.  *Id.* ¶ 11, Ex. 9.

B.  Federal Actions

Nguyen has removed the underlying civil harassment action—*Tran v. Nguyen*, OCSC case number 30-2014-00722873—to the Central District on seven occasions:

| Removed Action Number | Removal Date | Disposition |
|---|---|---|
| SACV 17-0015 AG (JCGx) | January 5, 2017 | Case remanded to state court on January 18, 2017.  *See* Dkt. # 11. |
| SACV 17-0128 CJC (DFMx) | January 25, 2017 | Case remanded to state court on February 17, 2017.  *See* Dkt. # 22. |

---

[1] Thai, a former attorney licensed to practice in Washington, D.C., was disbarred in 2016.  *Weiss Decl.* ¶ 12, Ex. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
| Title | Thien Tran v. Anthony Nguyen | | |

| | | |
|---|---|---|
| SACV 17-0655 CJC (DFMx) | April 11, 2017 | Case remanded to state court on April 20, 2017.  *See* Dkt. # 11. |
| SACV 17-0967 PSG (DFMx) | June 6, 2017 | Case remanded to state court on June 23, 2017.  *See* Dkt. # 24. |
| SACV 17-1448 PSG (DFMx) | August 22, 2017 | Case remanded to state court on September 25, 2017.  *See* Dkt. # 13. |
| SACV 17-1886 PSG (DFMx) | October 26, 2017 | Case remanded to state court on December 19, 2017.  *See* Dkt. # 29. |
| SACV 18-0043 PSG (DFMx) | January 11, 2018 | Pending. |

Furthermore, Nguyen has removed another, related state court action—*Nguyen v. Weiss*, OCSC case number 30-2017-00906325, *Weiss Decl.* ¶ 28, Ex. 30—four times:

| **Removed Action Number** | **Removal Date** | **Disposition** |
|---|---|---|
| SACV 17-1674 PSG (DFMx) | September 26, 2017 | Case remanded to state court on October 24, 2017.  *See* Dkt. # 22. |
| SACV 17-1928 PSG (DFMx) | November 1, 2017 | Case remanded to state court on November 15, 2017.  *See* Dkt. # 10. |
| SACV 17-2081 AG (MRWx) | November 29, 2017 | Case remanded to state court on December 1, 2017.  *See* Dkt. # 9. |
| SACV 18-0390 PSG (DFMx) | March 9, 2018 | Pending. |

In addition to removing state court actions to federal court, Nguyen has also filed original actions in the Central District:

| **Action Number** | **Filing Date** | **Disposition** |
|---|---|---|
| SACV 14-1098 UA (JPRx) | July 15, 2014 | Case dismissed on July 25, 2014.  *See* Dkt. # 2. |
| SACV 16-0783 PSG (DFMx) | April 26, 2016 | Case dismissed on July 15, 2016.  *See* Dkt. # 18. |
| SACV 16-2137 PSG (DFMx) | December 1, 2016 | Case dismissed on February 17, 2017.  *See* Dkt. # 32. |
| SACV 17-3014 MWF (JEMx) | April 21, 2017 | Case dismissed on April 25, 2017.  *See* Dkt. # 10. |
| SACV 17-3015 MWF | April 21, 2017 | Case dismissed on April 25, 2017.  *See* Dkt. # 10. |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

To illustrate, in *Nguyen v. Miller*, SACV 16-2137 CJC (DFMx), Nguyen filed a complaint against Judge Miller and other parties, including Tran and Weiss, alleging battery, due process violations, negligence, defamation, fraud, malicious prosecution, and other causes of action. *See* SACV 16-2137, Dkt. # 1. The court dismissed the case with prejudice, noting that Nguyen's claims against Judge Miller and the Orange County Superior Court were barred by judicial immunity and that his "claims against the remaining Defendants are entirely duplicative of those raised by [Nguyen] in [] cases in Orange County Superior Court dating to 2014." *See* SACV 16-2137, Dkt. # 32, at 2. Nguyen appealed that order to the Ninth Circuit, which summarily affirmed the lower court's decision, writing that "the questions raised in this appeal are so insubstantial as not to require further argument" and "reject[ing] as meritless Nguyen's contentions of judicial bias." *See* SACV 16-2137, Dkt. # 47, at 2–3.

Tran and Weiss now move for a pre-filing injunction against Nguyen, Thai, and Minh Nguyen, which would prohibit them from removing state court actions to federal district court without prior permission and from filing any new actions in federal district court without prior permission. *See Mot.* 7:14–26.

II.  Legal Standard

"[T]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Ringgold-Lockhart v. County of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long*, 912 F.2d at 1147) (alterations in original). Courts, however, should rarely resort to this power because of its potential burden on the litigant's constitutional right of access to the court system. *See Ringgold-Lockhart*, 761 F.3d at 1061–62.

The Ninth Circuit thus allows the imposition of pre-filing restrictions only if a court: "(1) give[s] litigants notice and an opportunity to oppose the order before it is entered; (2) compile[s] an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make[s] substantive findings of frivolousness or harassment; and (4) tailor[s] the order narrowly so as to closely fit the specific vice encountered." *Id.* at 1062 (alteration and internal quotation marks omitted). The first two requirements are procedural, while the latter two are substantive. *Id.* In considering the substantive requirements, the Ninth Circuit has looked to five factors enumerated by the Second Circuit:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits; (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1051 (9th Cir. 2007) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

### III. Discussion

Each of the four *Ringgold-Lockhart* factors will be considered in turn.

#### A. Notice and Opportunity to Oppose

The first factor requires that a litigant at risk of pre-filing restrictions receive notice that the Court is considering vexatious litigant status, and be given the opportunity to oppose the pre-filing restrictions that come with being named a vexatious litigant. *See Ringgold-Lockhart*, 761 F.3d at 1063; *De Long*, 912 F.2d at 1147.

Here, the Court raised the possibility that Nguyen might be considered a vexatious litigant in one of its remand orders. *See* CV 17-1886, Dkt. # 29, at 1–2 ("The Court notes that this is not the first time Defendant has removed an action to this Court that has eventually been remanded for similar reasons. It cautions that, should Defendant continue this practice of filing unclear and frivolous actions, the Court will entertain a motion to declare him a vexatious litigant."). Tran and Weiss then filed this motion pursuant to the Court's standard notice-motion procedures, which allowed Nguyen, Thai, and Minh Nguyen the opportunity to oppose. *See Mot.*; *Opp*. This satisfies the first factor, as well as due process. *See Molski*, 500 F.3d at 1058–59 (citing *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000)).

#### B. Adequate Record for Review

The second factor requires that the Court compile an adequate record for review. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Ringgold-Lockhart*, 761 F.3d at 1063 (quoting *De Long*, 912 F.2d at 1147).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
| Title | Thien Tran v. Anthony Nguyen | | |

Part I of this order includes a summary of the cases, filings, appeals, opinions, and orders that the Court considered in deciding whether Nguyen, Thai, and Minh Nguyen should be declared vexatious litigants, and Tran and Weiss have provided "a list of the 33 actions filed by Nguyen, Thai, and Minh Nguyen" as well as "41 exhibits consisting of Nguyen's filings and prior rulings by the State and Federal Courts." *Mot.* 11:8–13. In addition, the Court explains in the next section why it believes that their litigation conduct in the Central District of California, coupled with their prior conduct in the California state court system, justifies a declaration that Nguyen, Thai, and Minh Nguyen are vexatious litigants who should face pre-filing restrictions when filing cases against Tran, Weiss, and others in the Central District. The Court thus believes that it has compiled an adequate record of review for the Ninth Circuit. *See Ringgold-Lockhart*, 761 F.3d at 1063–64; *Molski*, 500 F.3d at 1059.

      C.    <u>Findings of Frivolousness or Harassment</u>

The third factor requires the Court to make a substantive finding of frivolousness or harassment before issuing a pre-filing injunction. *See Ringgold-Lockhart*, 761 F.3d at 1064; *De Long*, 912 F.2d at 1148. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotation marks omitted). The "number" inquiry asks whether the amount of complaints filed is inordinate. *See id.*; *De Long*, 912 F.3d at 1148. The "content" inquiry asks whether the plaintiff's claims are "patently without merit"; litigiousness on its own is insufficient. *Ringgold-Lockhart*, 761 F.3d at 1064; *see also Molski*, 500 F.3d at 1059. A finding of harassment requires that a litigant's filings "show a pattern of harassment." *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.3d at 1148). In making this determination, the court must "be careful not to conclude that particular types of actions filed repetitiously are harassing, and must instead discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Ringgold-Lockhart*, 761 F.3d at 1064 (alterations and internal quotation marks omitted).

The Court concludes that Nguyen, Thai, and Minh Nguyen's conduct has certainly been frivolous. Including this action and another removed case currently pending, the Court has now addressed nine cases filed by some combination of Nguyen, Thai, and Minh Nguyen that are seemingly related to the original 2014 restraining order issued by the Orange County Superior Court. This is in addition to the seven actions addressed by other courts in the Central District, as well as the case filed in the District of Nevada.[2]

---

[2] Tran and Weiss have "also provided evidence that Nguyen, Thai, and Minh Nguyen are using post office boxes to forum shop, by claiming they live in Los Angeles County and now Clark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

In each case that was removed to the Central District, Nguyen, Thai, and Minh Nguyen's claims, arguments, and legal positions have been patently without merit and all but indecipherable. The notice of removal filed in this case, *see* Dkt. # 1, is illustrative. It begins with the claim that "[o]n 11/2017, Weiss (Tran Counsel) was charged by Orange County Sheriff Department [with] Violence, Witness Tampering, Conspiracy, FRAUD and other Federal Agencies pending investigations." *Id.* at 3. Other bizarre and perplexing claims are leveled, such as that "Tran is unregistered agent of Vietnamese Communism Government and Weiss is a counsel of TRAN and many other agents of Vietnamese Communism Government." *Id.* The notice also suggests "TRAN and WEISS [] obtained many unlawful orders" with the "support[ of] incompetent and biased JUDGES [such] as Judge Gregory Lewis, Timothy Stafford, [and] Franz Miller." *Id.* Following this litany of allegations, the removal notice then quotes verbatim various sections of the United States Code, with additional allegations included throughout but no argument or analysis. *See id.* at 5–12. The notice then includes a background section that reasserts many of the previous allegations, *see id.* at 13–15, before discussing the supposed merits of removal, *see id.* at 16–21. The notice also includes a number of exhibits of unclear purpose, such as a complaint filed in the Orange County Superior Court, *see id.* at 29–30; Tran's Request to Renew Restraining Order, *see id.* at 36–37; and Weiss's calculation of costs incurred in this action, *see id.* at 38–51. Although the notice of removal totals nearly 300 pages, at no point does Nguyen articulate *what* precisely is being removed or *what* relief he seeks.

The incoherence and opacity of Nguyen's notices of removal, as well as the counterclaims that he, Thai, and Minh Nguyen then file, explain why each case has ended with remand to state court. These issues have repeatedly been emphasized by this Court and others in their remand orders. *See, e.g.*, SACV 17-0015, Dkt. # 11, at 2 (noting "several procedural irregularities," such as that "Nguyen's notice of removal, for each state court action, is untimely"; "Nguyen hasn't identified any federal claims on the face of the state-court complaint, so there's no potential for federal question jurisdiction"; and "Nguyen hasn't provided the Court with copies of all required process, pleadings, and orders."); SACV 17-0655, Dkt. # 11, at 2 ("Defendant's notice of removal is frivolous for all the reasons stated in the Court's previous orders."); SACV 17-0967, Dkt. # 24, at 2 (granting motion to remand "because this Court lacks subject matter jurisdiction over this case and the removal is procedurally deficient"); SACV 17-1448, Dkt. # 13, at 1 ("Having reviewed Defendant's response, the Court concludes that there is no basis for jurisdiction."). To underscore the apparent frivolousness of these removed actions, the accompanying remand orders have frequently invoked the possibility of future sanctions. *See, e.g.*, SACV 17-0128, Dkt. # 22, at 2–3 ("Because Defendant appears to be repeatedly abusing removal procedures to inhibit state courts from effectuating their judgments, the Court warns

---

County, Nevada." *Mot.* 11:14–16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

Defendant that should he file another frivolous notice of removal in his various state court proceedings, the Court will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 11."); SACV 17-0655, Dkt. # 11, at 3 ("The Court has repeatedly warned Defendant that filing frivolous notices of removal in an attempt to thwart Orange County Superior Court could lead to sanctions pursuant to Federal Rule of Civil Procedure 11."); SACV 17-1886, Dkt. # 29, at 2 ("[S]hould Defendant continue this practice of filing unclear and frivolous actions, the Court will entertain a motion to declare him a vexatious litigant."). However, despite these repeated warnings, Nguyen has unfailingly filed another notice of removal, and Nguyen, Thai, and Minh Nguyen have filed another cross-complaint, almost as quickly as the actions have been remanded.

At no point in any of the eleven actions that Nguyen has removed to the Central District has he followed proper removal procedures or articulated any sound basis for subject matter jurisdiction. Like their opposition to this motion, Nguyen, Thai, and Minh Nguyen's various filings and motions in these actions have been replete with jumbled, incoherent, and factually and legally inaccurate statements and theories about Tran, Weiss, and other parties. The actions that Nguyen, Thai, and Minh Nguyen filed originally in federal court have fared no better. These cases have all been dismissed, and one dismissal was subsequently affirmed by the Ninth Circuit, which noted that "the questions raised in [the] appeal are so insubstantial as not to require further argument." SACV 16-2137, Dkt. # 47, at 2.

Nguyen, Thai, and Minh Nguyen filed an inordinate number of cases in this Court. Although litigants found to be vexatious have frequently filed dozens of meritless lawsuits, *see Ringgold-Lochart*, 761 F.3d at 1064–65 (noting that the two cases upon which the district court based its vexatious finding were far fewer than what was normally found to be inordinate, and citing cases where plaintiffs had filed between thirty-five and seven hundred cases before being found to be vexatious), "a litigant may be vexatious when his or her duplicative suits are particularly frivolous or harassing." *Martin v. Redwood City Dental Care*, No. 15-CV-03151-JST, 2015 WL 9489898, at *5 (N.D. Cal. Dec. 29, 2015) (discussing the number of lawsuits filed in relation to the first *Safir* factor). Here, the Court finds that Nguyen, Thai, and Minh Nguyen's ongoing practice of removing actions to and filing actions in this Court, even though they are well aware that their arguments and rationales are indecipherable and frivolous, constitutes an inordinate number of filings.

The Court is also cognizant that it must "consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064. No such less restrictive options exist here. Nguyen, Thai, and Minh Nguyen have flouted the Court's repeated attempts to curb their behavior with less onerous penalties. Monetary sanctions are clearly insufficient, as evidenced by the fact that neither the mounting imposition of attorneys'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

fees against Nguyen nor the state court's revocation of Nguyen's fee waiver has deterred his, Thai's, and Minh Nguyen's continued filings. Both this Court and other courts have repeatedly informed them that their claims are without merit and that removal to federal court is improper, and warned them that future filings might result in additional sanctions. These admonitions did not stop them; indeed, there are currently *two* actions pending in this Court that they have removed, both of which are duplicative of the meritless suits that have already been remanded. Coupled with their history in state court, which is even more extensive than their federal activities, *see Mot.* 12:15–15:9, the Court has little confidence that anything short of a pre-filing injunction will protect the resources of Tran, Weiss, and this Court.

As noted, courts frequently consider the Second Circuit's *Safir* factors in analyzing the substantive steps. *See Molski*, 500 F.3d at 1051. Those factors clearly support the Court's determination that Nguyen, Thai, and Minh Nguyen are vexatious litigants. First, their state and federal court litigation history is riddled with vexatious, harassing, and duplicative lawsuits and conduct. Second, their motive appears to be to make Tran's and Weiss's lives miserable by tying them up in endless litigation—or, at the very least, to forestall payment of the attorneys' fees to which Tran is entitled—and their near unanimous legal failures undercut any possible argument that they have a good faith expectation of prevailing. Third, although the parties now appear pro se, Nguyen claims to have legal training, and Thai was a lawyer by trade until he was disbarred in 2016. Fourth, the Court can attest from its own experience to the unnecessary burden Nguyen, Thai, and Minh Nguyen have placed on the court system. Finally, as discussed above, other sanctions would not be adequate to protect the courts, Tran, Weiss, and other parties implicated in this litigation.

Accordingly, the third factor is satisfied.

D.   Narrow Tailoring

The final factor considers the scope of the pre-filing order. Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." *Ringgold-Lockhart*, 761 F.3d at 1066 (quoting *Molski*, 500 F.3d at 1061). Tran and Weiss ask for a pre-filing order:

1)   prohibiting [Nguyen, Thai, and Minh Nguyen] from removing any action pending in the Superior Court of the State of California in which Thien Tran, Andrew D. Weiss, Nicole Williams, Sunny Duong, or Thu Hien Nguyen are parties, to any Federal District Court, without prior permission from a judge of the Federal District Court for the Central District of California, and,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

2)	prohibiting Anthony Nguyen, Toan Q. Thai, and Minh Nguyet Nguyen from filing any new action in any Federal District Court naming as parties Thien Tran, Andrew D. Weiss, Nicole Williams, Sunny Duong, Thu Hien Nguyen, any judicial officer including, but not limited to, Judge Franz Miller, Judge Robert Moss, Judge Gregory Lewis, Judge Timothy Stafford, Judge Peter Wilson, and the Orange County Superior Court, without prior permission from a judge of the Federal District Court in which Anthony Nguyen, Toan Q. Thai, and Minh Nguyet Nguyen seek to file the action.

*Mot.* 16:18–17:2.

Although mostly satisfactory, these instructions require two alterations. As the *Ringgold-Lockhart* court explained, the Ninth Circuit has approved of the scope of a pre-filing order when it only prohibits the type of claims that a plaintiff has been filing vexatiously *and* would not deny the plaintiff access to the courts on non-frivolous claims. *See Ringgold-Lockhart*, 761 F.3d at 1066. Therefore, the Court concludes that any instruction must be clear and precise; the "including, but not limited to" language should therefore be removed, as the instructions should be specifically and narrowly tailored to the parties against whom frivolous lawsuits have been leveled. In addition, the Court will limit the restrictions only to removals and filings within the Central District, so as not to deprive Nguyen, Thai, and Minh Nguyen of access to the federal court system. With these alterations, the Court is satisfied that the pre-filing instruction would prevent Nguyen, Thai, and Minh Nguyen from using the Central District of California as a tool to harass Tran, Weiss, and others and from wasting judicial resources, without overly burdening their general right of access.

IV.	Conclusion

For the foregoing reasons, the Court finds that Anthony Nguyen, Toan Q. Thai, and Minh Nguyet Nguyen are vexatious litigants who have been using the U.S. District Court for the Central District of California to file frivolous lawsuits. A pre-filing instruction is appropriate at this time because Nguyen, Thai, and Minh Nguyen have had the opportunity to oppose the motion, the Court has compiled an adequate record of review for the Ninth Circuit, and there are no less-restrictive ways to curb this vexatious behavior.

The Court therefore imposes the following pre-filing restrictions on Nguyen, Thai, and Minh Nguyen:

•	Anthony Nguyen, Toan Q. Thai, and Minh Nguyet Nguyen are prohibited from removing any action pending in the Superior Court of the State of California in which Thien Tran,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-0043 PSG (DFMx) | Date | March 22, 2018 |
|---|---|---|---|
| Title | Thien Tran v. Anthony Nguyen | | |

Andrew D. Weiss, Nicole Williams, Sunny Duong, and/or Thu Hien Nguyen are parties, to the U.S. District Court for the Central District of California, without prior permission from a judge of the U.S. District Court for the Central District of California.

- Anthony Nguyen, Toan Q. Thai, and Minh Nguyet Nguyen are prohibited from filing any new action in the U.S. District Court for the Central District of California naming as parties Thien Tran, Andrew D. Weiss, Nicole Williams, Sunny Duong, Thu Hien Nguyen, Judge Franz Miller, Judge Robert Moss, Judge Gregory Lewis, Judge Timothy Stafford, Judge Peter Wilson, and/or the Orange County Superior Court, without prior permission from a judge of the U.S. District Court for the Central District of California.

**IT IS SO ORDERED.**

Cc: Civil Intake